**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS E. SMITH,

        Plaintiff-Appellant,

v.

SHARON E. LIDDELL, Superintendent of Santa Rosa City Schools; et al.,

        Defendants-Appellees.

No.   15-15826

D.C. No. 3:12-cv-03533-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted March 15, 2017[**]
San Francisco, California

Before: FERNANDEZ, MURGUIA, and WATFORD, Circuit Judges.

**1.** The district court correctly concluded that the doctrine of issue preclusion bars Thomas Smith's suit. To prevail on his claims, Smith must prove that school officials made false child abuse reports in retaliation for Smith's advocacy on

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

behalf of his disabled child.  Smith litigated that very issue in a prior state court juvenile dependency proceeding, and the issue was resolved against him on the merits.

California's criteria for issue preclusion, which govern the analysis, are satisfied here.  *See White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012).  Smith's factual allegations are identical to those raised in the juvenile dependency proceeding that concluded in 2014.  *See Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990).  The allegations were actually litigated in that proceeding; Smith was represented by counsel and disputed the veracity of the reports.  The issue of whether the reports were false was necessarily decided, as the California Court of Appeal credited the school officials' version of events throughout its opinion.  The Court of Appeal's decision was final and on the merits, and Smith was a party to the proceeding.  Finally, applying issue preclusion in this instance is consistent with the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation."  *Id.* at 1227.  The district court correctly concluded that issue preclusion applies to bar Smith's federal action.  We deny Smith's request for leave to amend his complaint because his proposed claim under *Monell v.*

*Department of Social Services of the City of New York*, 436 U.S. 658 (1978), would be precluded as well.

2.  The district court properly granted summary judgment, in the alternative, on the merits of Smith's claims.  No reasonable jury could find that Smith made out a prima facie case of retaliation because his advocacy on behalf of his daughter was not the but-for cause of the alleged retaliatory acts.  *See T.B. ex rel. Brenneise v. San Diego Unified School District*, 806 F.3d 451, 473 (9th Cir. 2015).  And the school officials cannot be liable under 42 U.S.C. § 1983 because the dependency court—"an informed, neutral decision-maker"—broke the chain of causation between defendants' reports and Smith's injury.  *See Stoot v. City of Everett*, 582 F.3d 910, 926 (9th Cir. 2009).

3.  The district court did not abuse its discretion by excluding the declaration of an undisclosed witness that Smith attempted to submit.  Smith's failure to identify the witness was not substantially justified or harmless because defendants had no opportunity to cross-examine her.  *See* Fed. R. Civ. P. 37(c)(1).

**AFFIRMED.**

Smith's motion for judicial notice is granted.